SOPHIE TUCKER, as President, and CHARLES S. MOSCONI, as Treasurer, of American Federation of Actors, a Voluntary Association Consisting of More than Seven Members, Plaintiffs, *v.* FRANK GILMORE, as President, and LEO FISCHER, as Treasurer, of Associated Actors and Artistes of America, a Voluntary Association Consisting of More than Seven Members, and Others, Defendants.

Supreme Court, Special Term, New York County, August 8, 1939.

*Abraham J. Halprin,* for the plaintiffs.

*Justus Sheffield,* for the defendants Associated Actors and Artistes of America and The American Guild of Variety Artists.

*Paul N. Turner,* for the defendants Actors Equity Association, Chorus Equity Association and Hebrew Actors Union.

*Henry Jaffe,* for the defendant American Federation of Radio Artists.

McGoldrick, J. The American Federation of Actors, as plaintiff, has brought an action against numerous defendants, the principal one of which is Associated Actors and Artistes of America, its parent association. This organization is affiliated with the American Federation of Labor. The principal defendant association is frequently referred to in the papers as the " Four A's," and will be so referred to here. The plaintiff association was organized as a membership association for the benefit of its members, who are entertainers in the field of vaudeville, motion picture presentation theatres, night clubs, hotels, rodeos, circuses and carnivals. It obtained a charter from the " Four A's," which in turn embraces practically all persons and subsidiary organizations in the field of entertainment, with the principal exception of the members of the American Federation of Musicians.

Recently certain charges were brought against the secretary of the plaintiff association which involve the misuse of funds. These charges were tried by the " Four A's." Plaintiff objected to trial by that organization on the ground that its moving spirits were both the accusers and the triers. A proposition was made, apparently by plaintiff, to have the trial conducted by a committee designated by William Green, president of the American Federation of Labor. This was rejected on the ground that it was an interference with the autonomous rights of the parent association. Plaintiff then withdrew from its defense, the matter was tried and the charter of the plaintiff revoked. Another organization, American Guild of Variety Artists, has since entered the field, with the sanction of the parent association, assuming some or all of the activities of the plaintiff.

The main contention of plaintiff is that the charter of its organization has been revoked without due process of law, and relief is sought through this action to vacate and set aside such revocation. To do so would restore plaintiff's members to privileges they formerly enjoyed. Now it is asserted that the effect of the revocation is to deprive them of the benefits of contracts with their

employers. For this reason a motion for a temporary injunction has been made to enjoin defendants from interfering with these contracts and from soliciting such members to join the American Guild of Variety Artists, a new union operating with the approval of the " Four A's."

Essentially, the action is one involving a dispute between a parent union and a subsidiary of it. Controversies involving revocation of charters have occurred frequently, and they are not basically *labor disputes*. If they were, any action of a union in expelling a member would entitle either party to claim that the matter was a *labor dispute* and as such necessitates a hearing and findings of fact pursuant to section 876-a of the Civil Practice Act.

The mere fact that the incidental effect of the revocation of the charter of a subsidiary would imperil employment, as likewise would the expulsion of an individual member, does not render it a *labor dispute* in the technical sense so as to require the disregard of affidavits and the actual trial of issues.

The papers submitted, however, are insufficient to justify a temporary injunction. On the other hand, the issues involved are of such great importance that they should be disposed of at the earliest possible date. As a condition for the denial of the injunction the court will require defendants to stipulate for a trial on the first available date at the opening of the fall term. If the parties desire an earlier trial and will so stipulate the court will select a referee, choosing him from three names to be submitted by the president of the American Federation of Labor. These persons so designated must be, of course, members of the New York bar. If the parties desire the court otherwise to select a referee they may so stipulate.

The motion is disposed of as indicated. Settle order.